[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2007
THOMAS K. KAHN
CLERK

No. 06-14673
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 06-00012-CR-FTM-33-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENNIE LEE EVANS,

Defendant-Appellant.

------------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
------------------------------------------------------------------

**(June 28, 2007)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Bennie Lee Evans appeals his 97-month sentence for possession with intent to distribute five grams or more of cocaine base, 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). No reversible error has been shown; we affirm.

On appeal, Evans argues that the district court should have applied a "downward departure" under 18 U.S.C. § 3553(a) because he did not use illegal drugs while he was awaiting his sentencing hearing in this case and because Evans's family, including his children, would face severe financial hardship if Evans was imprisoned for a long time. Evans also contends that he has a cocaine addiction.

Because Evans was sentenced after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), we review his sentence for reasonableness in the light of the 18 U.S.C. § 3553(a) factors.[1] Winingear, 422 F.3d at 1244-46. Under section 3553(a), a district court should consider, among other things, the

---

[1]Before he was sentenced, Evans argued to the district court that he should receive a sentence below his Guidelines imprisonment range through application of the section 3553(a) factors or a downward departure under U.S.S.G. § 5K2.0 for factors not taken into account by the Guidelines or both. To the extent that Evans now argues that the district court should have granted him a downward departure based on section 5K2.0, we lack jurisdiction to "review a district court's refusal to grant a downward departure unless the court mistakenly believed that it lacked the authority to grant such a departure." United States v. Hansen, 262 F.3d 1217, 1256 (11th Cir. 2001); United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) (explaining that, post-Booker, we still "lack jurisdiction to review the decision of the district court not to apply a downward departure"). Because nothing in the record indicates that the district court misunderstood its authority to depart downward from Evans's advisory Guidelines range, and because Evans does not contend that the district court misunderstood its authority to depart downward, we lack jurisdiction to consider the district court's refusal to apply a downward departure in this case.

nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Evans's sentence was reasonable. The district court correctly calculated his Guidelines imprisonment range as 97 to 121 months; and the district court sentenced Evans to the lowest point of that range.[2] See id. (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable").

The district court indicated that it determined Evans's sentence after calculating the Guidelines range, considering the section 3553(a) factors, and applying the Guidelines in an advisory manner. The district court also stated that Evans's sentence was sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. Although the district court acknowledged that

---

[2]Evans does not challenge the district court's calculation of his Guidelines range.

Evans had been employed for several years and that he supported his family, the district court explained that a sentence at the lowest point of the Guidelines range was appropriate in this case.

The district court judge was not required to discuss all of the section 3553(a) factors at the sentencing hearing. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors"). Based on the factors outlined in section 3553(a) and our review of the record, we conclude that Evans has failed to carry his burden of establishing that his 97-month sentence is unreasonable.

AFFIRMED.